## Pfeiffer's Estate

*William R. Toal,* for accountant.

VAN RODEN, P. J., March 16, 1946.—Decedent died on December 14, 1944, survived by neither spouse nor issue. By his will, after the direction to pay debts and funeral expenses, decedent directed that $300 be invested, and that the interest be used for the upkeep of his burial lot, and bequeathed and devised the residue

in equal shares to his brothers, John Pfeiffer, Daniel Pfeiffer, and Charles Pfeiffer, and to his sister, Caroline (Mrs. George W.) Miller. One of the brothers, the said Charles Pfeiffer, is the accountant.

It is further provided by the said will as follows:

"If at the time of my death, any of the above named heirs should die before I do, his or her interest shall go to their family, if they have any, equally apportioned to their children, share and share alike."

Daniel Pfeiffer, brother of decedent, predeceased him, unmarried and without issue, and his legacy thereby lapsed.

John Pfeiffer, brother of decedent, predeceased him, survived by a widow and two sons, namely, John Pfeiffer, Jr., and Charles Pfeiffer, and no issue of deceased children. In view of this situation, the court is requested to interpret the meaning of the provision of the will as above quoted, and the intention of testator, to wit: Whether or not the surviving widow of the said John Pfeiffer, deceased, is entitled to any portion of his share.

The primary meaning of the word "family" is "children", and it has been universally held in a number of cases that the word does not include a wife. See Vol. 16 Words and Phrases page 192 et seq. and the cases therein cited, particularly Barnes v. Patch, 8 Ves. 604, People v. Sagazei, 27 Misc. 727, 59 N. Y. S. 701, Raynolds v. Hanna, 55 F. 783, see also Heck v. Clippenger, 5 Pa. 385. In addition, testator in this case, by adding the words "equally apportioned to their children, share and share alike", indicated his intention that the children should receive their deceased parent's share to the exclusion of the widow of the deceased heir. The comment is made that decedent in effect endeavored to accomplish the result provided for by section 15(a) of the Wills Act of June 7, 1917, P. L. 403.

For these reasons, the share of the said John Pfeiffer, deceased, will be awarded to his two sons, John Pfeiffer, Jr., and Charles Pfeiffer, in equal shares.